UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESUS TORRES,

          Plaintiff,

    v.

SAN FRANCISCO HUMAN SERVICES
AGENCY, et al.,

          Defendants.

Case No. 4:18-cv-07415-KAW

**ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGEMENT ON THE
PLEADINGS**

Re: Dkt. No. 14

On March 1, 2019, Defendants City and County of San Francisco and Trent Rhorer filed a motion for judgment on the pleadings.

On July 18, 2019, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, GRANTS Defendant's motion for judgment on the pleadings.

## I.    BACKGROUND

On August 17, 2017, Plaintiff Jesus Torres, proceeding pro se, filed the instant suit against "San Francisco Human Services Agency," which is a department of the City and County of San Francisco, and Trent Rhorer in his official capacity in San Francisco Superior Court. The Summons and Complaint was served on Defendants on November 8, 2018.

Plaintiff's complaint alleges that the benefits that he was receiving through the County Adult Assistance Program ("CAAP program")—a workforce program for low-income San Franciscans—were improperly terminated. The Department of Human Services ("DHS") administers the CAAP program on behalf of the City, providing financial assistance and social services to indigent adults through programs, such as Personal Assistance Employment Services ("PAES"). (Defs.' Mot. at 3 (citing S.F. Ordinance No. 153-16).) Plaintiff claims that his PAES

1    benefits were terminated on or around October 1, 2016, and that he did not receive notice of the

2    proposed action, which resulted in him not having a hearing held until 25 days after his request.

3    (Compl. at 3; Pl.'s Opp'n at 3.) Plaintiff claims that he reapplied for PAES assistance in February

4    2017, and that his benefits were restored as of February 3, 2017. (Pl.'s Opp'n at 3.)

5         Plaintiff alleges five causes of action: (1) deprivation of benefits "without good cause, due

6    process of a fair hearing"; (2) a violation of Plaintiff's rights under the Fourth and Fourteenth

7    Amendments; (3) a violation of Title II of the Americans with Disabilities Act; (4) violation of

8    various San Francisco municipal codes; and (5) negligent infliction of emotional distress. (Compl.

9    at 3).

10        On March 1, 2019, Defendants filed a motion for judgment on the pleadings. (Defs.' Mot.,

11   Dkt. No. 14.)  On May 22, 2019, Plaintiff filed an amended opposition.[1] (Pl.'s Opp'n, Dkt. No.

12   24.)  On May 31, 2019, Defendants filed a reply. (Defs.' Reply, Dkt. No. 26.)

13        On July 16, 2019, Plaintiff filed a declaration in support of "the Opposition to the Reply by

14   San Francisco's Motion for Judgment on the Pleadings." (Dkt. No. 30.)  Plaintiff did not obtain

15   leave to file any other documents pertaining to the instant motion, so his declaration is stricken.

16                          **II.    LEGAL STANDARD**

17        Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the

18   pleadings after the pleadings are closed but early enough not to delay trial.  "[T]he same standard

19   of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions

20   are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.

21   1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal

22   theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c),

24   the court "must accept all factual allegations in the complaint as true and construe them in the light

25   most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

26        Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

27

28   [1] Since Plaintiff filed an amended opposition, the Court will not consider the original opposition
     (Dkt. No. 23), which was filed on May 13, 2019.

2

1   (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully

2   pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."

3   *Estelle*, 429 U.S. at 106 (internal citations omitted). When a court grants a Rule 12(c) motion,

4   leave to amend should be freely given if it is possible that further factual allegations will cure any

5   defect. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

**III.    DISCUSSION**

7   As an initial matter, the Court notes that Plaintiff's complaint, drafted on a Judicial

8   Council of California form, does not contain sufficient facts to satisfy pleading standards under the

9   Federal Rules of Civil Procedure. While Plaintiff's opposition provides sufficiently more factual

10  allegations, some of which are cited in this order, those cannot be properly considered in deciding

11  the instant motion, but are included for the sake of clarity. Plaintiff may, however, include those

12  facts in the forthcoming amended complaint to the extent that they are applicable.[2]

**A.    Federal Claims**

14  Defendants argue that Plaintiff's various federal causes of action based on the termination

15  of his CAAP benefits must be dismissed due to his failure to plead sufficient facts in support of

16  these allegations. (Defs.' Mot. at 4.) The Court agrees. Notwithstanding, the undersigned will

17  briefly address each claim to provide some guidance to assist Plaintiff in amending his complaint.

**i.    Due process violations under the Fourth and Fourteenth Amendments**

19  Plaintiff's first two causes of action appear duplicative, and allege that the rescission of his

20  benefits constitutes a violation of his rights under the Fourth and Fourteenth Amendments.

21  (Compl. at 3.) Defendants move to dismiss these claims on the grounds that Plaintiff has not

22  properly styled these allegations as causes of action under 42 U.S.C. § 1983. Defendants are

23  correct.

24  That said, based on the alleged termination of benefits, Plaintiff may be able to plead

25  sufficient facts to allege a § 1983 claim for violation of his due process rights under the Fourteenth

26

27  [2] There appear to be many facts that do not directly relate to the four months of benefits Plaintiff
    was allegedly denied. Plaintiff is encouraged to make an appointment with the Federal Pro Bono
28  Help Desk, which may assist him in determining which facts should be included in his first
    amended complaint.

3

1   Amendment, which gives him the right to an impartial administrative hearing prior to the

2   termination of benefits. *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). There is no such right

3   conferred by the Fourth Amendment.

4       Accordingly, the first and second causes of action due process violations are dismissed.

5   Plaintiff is granted leave to amend to allege a cause of action under § 1983 based on the violation

6   of his due process rights under the Fourteenth Amendment. In amending, Plaintiff should include

7   the facts surrounding the termination of benefits, including whether notices were sent and received

8   by him, and how he came to have a hearing 25 days after an apparent request for hearing. (*See*

9   Pl.'s Opp'n at 3.)

10              **ii.     Violation of the Americans with Disabilities Act**

11      Plaintiff's third cause of action is for violation of the Americans with Disabilities Act.

12  (Compl. at 3.) Defendants contend that Plaintiff fails to allege conduct that violates the ADA.

13  (Defs.' Mot. at 7.)

14      To establish an ADA violation, a plaintiff must prove that "'(1) he is a 'qualified

15  individual with a disability'; (2) he was either excluded from participation in or denied the benefits

16  of a public entity's services, programs, or activities, or was otherwise discriminated against by the

17  public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his

18  disability.'" *Wilkins-Jones v. Cty. of Alameda*, 859 F. Supp. 2d 1039, 1044 (2012) (*quoting Duvall*

19  *v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)). If he is seeking monetary damage, he

20  must also "prove intentional discrimination as defined by the 'deliberate indifference standard'."

21  *Wilkins-Jones*, 859 F. Supp. 2d at 1044. "Deliberate indifference requires both knowledge that a

22  harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."

23  *Duvall*, 260 F.3d at 1139.

24      Here, Plaintiff alleges that the rescission of his benefits violated the ADA, because the City

25  "had been made aware of his condition and disability status" and "disregarded his status." (Compl.

26  at 3-4). These allegations are insufficient to support a claim under the ADA, because the Plaintiff

27  does not adequately allege that he has a disability. Conclusory allegations that a person is disabled

28  is not sufficient. Rather, at a minimum, Plaintiff must identify his disability. *See Jones v. Nat'l*

4

1    *R.R. Passenger Corp.*, Case No. 15-cv-0276-MEJ, 2016 WL 4538367 (N.D. Cal. Aug. 31, 2016)

2    (granting a 12(c) motion on the basis that plaintiff stated she was disabled, but had not identified

3    her disability and facts sufficient to show the disability impairs a major life activity).  Moreover,

4    as Defendants correctly argue, "Plaintiff fails to allege that he was denied benefits 'by reason of

5    his disability' and only asserts that his disability was 'disregarded.'" (Defs.' Mot. at 8.)

6    Additionally, Defendants argue that PAES is not a disability assistance program, and that

7    benefits are meant to be short-term sources of income for individuals utilizing vocational services

8    to obtain paid employment. (Defs.' Reply at 4.) As a result, Defendants argue that Plaintiff's

9    admission that he quit his job and that he was not accepting available employment would make

10   him ineligible, as would the fact that he could not secure a letter from a medical provider verifying

11   that he was temporarily disabled. *Id.* at 5.  While perhaps true, a determination as to whether

12   Plaintiff was eligible for the program is better suited for a motion for summary judgment.

13   Accordingly, Plaintiff fails to plead sufficient facts to support a violation of the ADA, and

14   the third cause of action is dismissed with leave to amend.  Plaintiff is advised that if he cannot

15   adequately allege facts to support a claim under the ADA, he should not include this cause of

16   action in his amended complaint.

17   **B.    State law claims**

18   The fourth cause of action is for violations of municipal codes and the fifth cause of action

19   is for negligent infliction of emotional distress. (Compl. at 3-4.)  Defendants argue that the City

20   enjoys immunity, because Plaintiff failed to comply with the California Tort Claims Act, because

21   he does not state a statutory basis liability in support of either cause of action. (Defs.' Mot. at 8-9.)

22   The California Tort Claims Act provides that "[a] public entity is not liable for an injury"

23   except as provided by statute. Cal. Gov't. Code § 815(a).  Pursuant to California Government

24   Code § 815.2,

25
26   A public entity is liable for injury proximately caused by an act or
     omission of an employee of the public entity within the scope of his
     employment if the act or omission would, apart from this section,
     have given rise to a cause of action against that employee or his
27   personal representative.

28   Cal. Gov't. Code § 815.2(a).

5

### i.    Municipal Code Violations

Even if Plaintiff alleged a statutory basis for liability pursuant to California Government Code § 815.2, Defendant contends that the municipal code sections contained in the fourth cause of action were either repealed as of August 1, 2016, or do not provide a basis for liability. (Defs.' Mot. at 9.)  The only remaining ordinance is Section 20.1, which designates the Department of Human Services as the county agency responsible for administering social services provided under the California Welfare and Institutions Code. San Francisco Mun. Code § 20.1. The ordinance does not provide a private cause of action under which Plaintiff may recover, so the fourth cause of action is dismissed with prejudice.

### ii.    Negligent Infliction of Emotional Distress

Plaintiff's fifth cause of action for negligent infliction of emotional distress is dismissed with leave to amend to allege that § 815.2(a) is the statutory basis for his claim.  Plaintiff should also be sure to allege facts, if possible, to support the elements of negligent infliction of emotional distress, which requires that he sufficiently plead (1) that the City or city employees were negligent; (2) that he suffered serious emotional distress; and (3) that Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress. Judicial Council of California Civil Jury Instructions, CACI No. 1620 (2016 ed.).

## IV.    CONCLUSION

In light of the foregoing, Defendants' motion for judgment on the pleadings is GRANTED. The fourth cause of action is dismissed without prejudice. The remaining causes of action are dismissed with leave to amend.  Since the first two causes of action are duplicative, Plaintiff may file a first amended complaint alleging three causes of action: (1) a 42 U.S.C. § 1983 claim for violation of the right to due process under the Fourteenth Amendment; if possible (2) a claim for violation of the Americans with Disabilities Act; and, if possible, (3) a claim for negligent infliction of emotional distress.  Plaintiff shall file a first amended complaint on or before **August 12, 2019**.

In amending his complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982.  While

the Help Desk attorneys cannot represent him, they can assist him in drafting his amended complaint.

Additionally, the July 30, 2019 case management conference is continued to October 15, 2019 at 1:30 p.m. Case management statements are due on or before October 8, 2019.

Lastly, it was evident at the hearing that Plaintiff is currently unable to utilize the ECF filing system to retrieve and file documents in this case. To facilitate the timely filing of the first amended complaint, Plaintiff's permission to electronically file documents is revoked.  Plaintiff may seek to restore his e-filing privileges in the future should he learn how to use the system.

IT IS SO ORDERED.

Dated: July 18, 2019

KANDIS A. WESTMORE
United States Magistrate Judge